

FILED
JAN 19 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEN HENRY MAXWELL, *et al.*, | Case: 1:22−cv−00173<br>Assigned To : Contreras, Rudolph<br>Assign. Date : 1/19/2022<br>Description: Personal Inj. (B−DECK) |
| Plaintiffs, | Civil Action No. |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM AND ORDER

The plaintiffs in this action, "U.S. citizens and foreign nationals who were employees or contractors of the United States Government, or members of the U.S. Armed forces," at the time of the 1983 and 1984 terrorist attacks against the United States Embassy in Beirut, Lebanon, bring suit against the Islamic Republic of Iran under the Foreign Sovereign Immunities Act for its role in the attacks. Compl. ¶¶ 1–2. They seek to allow certain of the plaintiffs "who live in and/or have family members still residing in Lebanon" (the "Lebanon Plaintiffs") to proceed pseudonymously and without including their residential addresses in the Complaint, as required by D.D.C. LCvR 5.1(c)(1) and 11.1. Pls.' Mem. Supp. Pls.' Mot. for Leave to File a Complaint Omitting the Real Names and Addresses of Certain Plaintiffs ("Pls.' Mem.") at 1. For the reasons set forth below, plaintiffs' motion is granted, subject to any further consideration by the United States District Judge to whom this case is assigned.[1]

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. BACKGROUND

Plaintiffs are "U.S. citizens and foreign nationals who were employees or contractors of the United States Government or members of the U.S. armed forces," who suffered injuries or death as a result of the April 18, 1983, and September 20, 1984, bombings of U.S. Embassy buildings in Beirut, Lebanon, and their immediate family members. *Id.* at 1–2. The 1983 bombing killed 63 people and injured over 100 others, *id.* at 2 (internal quotations omitted), and the 1984 bombing killed more than a dozen people, "the majority of whom were Lebanese nationals employed by the U.S. government," and wounded over 60 more, *id.* Other Judges on this Court have previously "determined, as a matter of law, that Iran—through the Iranian funded terrorist group Hizbollah—was responsible for the Beirut Embassy [a]ttacks and the resulting death and injuries to the victims and their family members." *Id.* at 2 (citing, *inter alia*, *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 108–13 (D.D.C. 2003) (holding Iran responsible for the 1983 Beirut attack); *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 130–33 (D.D.C. 2001) (holding Iran responsible for the 1984 Beirut attack); *Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15 (D.D.C. 2020) (finding Iran responsible for both Beirut attacks)). The Lebanon Plaintiffs, who "either still reside in Lebanon or who have family members in Lebanon," Pls.' Mem. at 3, seek to proceed pseudonymously and without publicly filing their residential addresses out of "fear for their lives" as "Lebanon has been and remains a hotbed of political unrest and danger in which Hizbollah and Iran remain active overtly and covertly," *id.*

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiffs. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1)

2

("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require 'parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'"  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

      Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may be limited.  FED. R. CIV. P. 5.2.  Minors, for example, must be referred to using only their initials.  FED. R. CIV. P. 5.2(a)(3).  The court may also, for good cause, "require redaction of additional information."  FED. R. CIV. P. 5.2(e)(1).

      Courts have also, in special circumstances, permitted a party to proceed anonymously.  A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to

proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

When a plaintiff requests to file his address under seal and *ex parte*, the plaintiff's interest in keeping personal information from the public is assessed under the *James* factors. *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 152 (D.D.C. 2011).

4

### III.   DISCUSSION

At this early stage of the litigation, this Court is persuaded that plaintiffs have met their burden of showing that the Lebanon Plaintiffs' privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  The public's interest in knowing the Lebanon Plaintiffs' addresses and names is *de minimis* compared to the significant privacy interests of the Lebanon Plaintiffs, who "genuinely fear for their lives by taking the step of participating in this lawsuit," Pls.' Mem. at 3, given that "Hizbollah continues to operate freely within the country, thus threatening the lives of the Lebanon Plaintiffs and their family members and friends still living in Lebanon," *id.* at 5.

First, as the description of plaintiffs' claim makes clear, the Lebanon Plaintiffs do not seek to proceed under pseudonym and limit disclosure of their residential addresses "merely to avoid . . . annoyance and criticism," but for purposes of ensuring the safety of themselves and family members.  *See In re Sealed Case*, 931 F.3d at 97.  Citing Department of State Country Reports for Lebanon, plaintiffs highlight their "reasonabl[e] concern[] that their pursuant of legal action against Hizbollah's sponsor, Iran, could lead to retaliation by Hizbollah that would result in death, or physical and/or mental harm to themselves, their families, or other innocent parties." Pls.'s Mem. at 5.

Second, plaintiffs have sufficiently alleged that disclosure of the Lebanon Plaintiffs' identities and residential addresses "poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).  The Lebanon Plaintiffs all "still reside in Lebanon or have family members in Lebanon," Pls.' Mem. at 3, putting not only the Lebanon Plaintiffs

5

themselves at risk, but also "their family and friends in Lebanon, including those not participating in this litigation," for whom "the possible retaliation" could be "deadly," *id.* at 5.

The third *James* factor weighs slightly against granting plaintiffs' motion, as the suit does not involve the privacy interests of any minor children. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).

The fourth *James* factor, concerning the fact that this suit is against a government, is neutral. "[T]here is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, but this applies to the United States government and not to foreign governments. Moreover, there is nothing about the nature of these proceedings that creates any need for transparency with respect to the Lebanon Plaintiffs' identities or addresses. *Cf. id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations). Here, plaintiffs seek to vindicate only their own rights and/or those of their immediate family members, and anonymity appears to be necessary to provide them the opportunity to do so.

Fifth, the defendant would suffer no "risk of unfairness" if the plaintiffs' motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Defendant does not need the Lebanon Plaintiffs' residential addresses to defend against their claims. Permitting the Lebanon Plaintiffs to proceed under pseudonym without disclosure of their real names to defendant could potentially prejudice defendant, but if defendant responds in this case, it may request the disclosure of any information that it deems necessary to the full and fair defense of the case, and plaintiffs will be free to oppose the disclosure of that information. This issue need not be resolved now and does not significantly weigh against plaintiffs' request for anonymity

6

for the Lebanon Plaintiffs, given the strength of their privacy interests and the threat of harm they face.

In sum, weighed against the minimal apparent interest in disclosure, the Lebanon Plaintiffs' significant and "legitimate interest in anonymity" and in maintaining the privacy of their personal information and security at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed* Case, 931 F3d at 97. Any general presumption in favor of open proceedings or public interest in disclosing the Lebanon Plaintiffs' identity is significantly outweighed by the deadly threat that such disclosure would entail. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File a Complaint Omitting the Real Names and Addresses of Certain Plaintiffs is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is assigned; it is further

**ORDERED** that the Lebanon Plaintiffs may proceed with the case using the pseudonyms listed in the Complaint; it is further

**ORDERED** that the Clerk of the Court not file the Real Names Chart or Real Names Complaint submitted by plaintiffs along with their Motion and Complaint; and it is further

for the Lebanon Plaintiffs, given the strength of their privacy interests and the threat of harm they face.

In sum, weighed against the minimal apparent interest in disclosure, the Lebanon Plaintiffs' significant and "legitimate interest in anonymity" and in maintaining the privacy of their personal information and security at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed* Case, 931 F3d at 97. Any general presumption in favor of open proceedings or public interest in disclosing the Lebanon Plaintiffs' identity is significantly outweighed by the deadly threat that such disclosure would entail. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File a Complaint Omitting the Real Names and Addresses of Certain Plaintiffs is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is assigned; it is further

**ORDERED** that the Lebanon Plaintiffs may proceed with the case using the pseudonyms listed in the Complaint; it is further

**ORDERED** that the Clerk of the Court not file the Real Names Chart or Real Names Complaint submitted by plaintiffs along with their Motion and Complaint; and it is further

**ORDERED** that the Lebanon Plaintiffs must file, *ex parte* and under seal, within ten days of this Order, a declaration containing their real names and residential addresses.

**SO ORDERED.**

Date: January 19, 2022

>  _____
> BERYL A. HOWELL
> Chief Judge