UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEN HENRY MAXWELL, et al.,

Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF IRAN,

Defendant.

Civ. A. No. 22-0173 (RC)

**PROTECTIVE ORDER**

Upon the Unopposed Motion of the Office of Foreign Assets Control (OFAC) for Entry of Protective Order and good cause having been shown, it is ordered as follows:

1. OFAC's motion is granted.

2. OFAC and its personnel are authorized, pursuant to the terms set forth in this Order, to disclose records or information responsive to Plaintiffs' subpoena to OFAC dated July 10, 2026 (Subpoena), irrespective of whether the Trade Secrets Act, 18 U.S.C. § 1905, otherwise would prohibit OFAC or its personnel from disclosing the records or information.

3. All records or information produced in response to the Subpoena, and any portion thereof (collectively, Confidential Material), is deemed confidential, unless Plaintiffs are otherwise advised by OFAC in writing.

4. Confidential Material may be used only for the purpose of attempting to collect upon the default judgment in this action dated February 22, 2024 (ECF No. 36) (Judgment), pursuant to procedures authorized by law, and for no other purpose.

5. No person shall be permitted to have access to Confidential Material, nor shall any person be informed of the substance of the Confidential Material by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by the parties and OFAC in writing, or by order of the Court.

6. Confidential Material shall not be disclosed or distributed to any person or entity other than the following:

(a) the attorneys for parties to this action (including their paralegal, clerical, or other assistants) or the attorneys for parties to any proceeding incident to efforts to collect on the Judgment who have a need for Confidential Material in connection with that proceeding;

(b) the courts and their support personnel in this action and in any proceeding incident to efforts to collect on the Judgment;

(c) persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the Judgment or those holding assets identified in the Confidential Material;

(d) local or federal law enforcement personnel involved in any proceeding incident to efforts to collect on the Judgment;

(e) any other person to whom disclosure is required so that he or she may pursue proceedings incident to efforts to collect on the Judgment pursuant to procedures authorized by law; or

(f) the respective client representatives of the parties.

7. To the extent that Confidential Material is disclosed to persons described in subparagraphs 6(a), (c), or (e)-(f), only those portions of the Confidential Material that are necessary for each specific proceeding incident to efforts to collect on the Judgment or that relate to specific assets at issue shall be disclosed to such persons. All persons described in subparagraphs 6(a), (c), or (e)-(f) shall be provided with a copy of this Order. All such persons are required to use Confidential Material only for purposes directly related to the satisfaction of the Judgment and are prohibited from using Confidential Material for any other litigation or proceeding or for any business, commercial, competitive, personal, or other purpose. Copies of records containing Confidential Material shall be made only to the extent necessary to facilitate a use permitted by this Order.

8. Confidential Material shall not be disclosed to any person described in subparagraphs 6(a), (c) or (e)-(f) unless and until such person has been shown this Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment Form. A copy of each executed Acknowledgment Form shall be kept by counsel for the party on behalf of whom disclosure is made pursuant to subparagraphs 6(a), (c), or (e)-(f).

9. The termination of this action or any proceeding incident to efforts to collect on the Judgment shall not relieve any person or party provided Confidential Material of any obligation under this Order.

10. All Confidential Material that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with any court that reference or contain Confidential Material, shall be filed under seal and kept under seal until further order of the court.

11. Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on the Judgment by settlement or final judgment, and the termination of any appeals therefrom, all Confidential Material, and all copies thereof, shall be promptly destroyed, except that counsel may retain one complete set of any such materials that were presented in any form to a court. Any such retained materials shall be marked "Subject to Protective Order" in the form in which they are stored and shall be stored with a copy of this Order.

12. The provisions of this Order restricting the use and disclosure of Confidential Material shall not apply to records or information which were, are, or become public knowledge because of actions that do not violate this Order.

13. This Order does not waive or adjudicate any objection to the Subpoena, or any claim of privilege involving any record or information responsive to the Subpoena, that OFAC may have. OFAC takes no position by moving for entry of this Order on the susceptibility to attachment of any asset that OFAC's compliance with the Subpoena may identify, directly or indirectly.

14. OFAC shall have no duty to produce Confidential Material to anyone other than Plaintiffs. Entry of this Order shall not prohibit the United States or any agency, department, officer, or employee of the United States from using or disclosing Confidential Material for any purpose authorized by law or the re-disclosure of Confidential Material directly to OFAC or to counsel for the United States.

SO ORDERED:

9/25/2026
Date

RUDOLPH CONTRERAS
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BEN HENRY MAXWELL, et al.,

Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF IRAN,

Defendant.

Civ. A. No. 22-0173 (RC)

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in this action by the United States District Court for the District of Columbia, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Material made available to him or her other than in strict compliance with the Protective Order. The undersigned acknowledges that his or her duties under the Protective Order shall survive termination of this action and are permanently binding and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.

______________________________
Signature

______________________________
Print Name

DATED: